UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BOYD,

    Plaintiff,

v.

STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS *et al.*,

    Defendants.

Case No. C06-5077RBL

ORDER TO AMEND THE COMPLAINT

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Plaintiff names the Department of Corrections for the State of Washington, the Stafford Creek Corrections Center medical department, the Washington Corrections medical department, and the Washington Correction Center transport. He alleges inadequate medical treatment for shoulder pain and injuries.

The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

(l) The Court declines to order that plaintiff's complaint be served on defendants until he corrects the deficiencies identified below:

(a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

ORDER

Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

  (b)  In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

  (c)  While plaintiff may be able to state a claim he must name a person or persons as defendants, not departments or facilities.  He will also need to allege facts showing what actions were taken by the people named and how the action deprived him of a right or privilege secured under the Constitution.

  (2)  Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defect by **June 16th, 2006.** If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action.

  (3) The Clerk is directed to send plaintiff a copy of this Order and the General Order to plaintiff and note the June 16th, 2006 due date.

    DATED this 15th day of May, 2006.

        */S/ J. Kelley Arnold*
        J. Kelley Arnold
        United States Magistrate Judge

ORDER